UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TODD SANDERS,                                                    Plaintiff,

v.                                          Civil Action No. 3:16-cv-311-DJH

WALMART STORES INC.,                                           Defendant.

* * * * *

## MEMORANDUM OPINION

Plaintiff Todd Sanders, who lives in Kentucky, brings this personal-injury action against Walmart Stores Inc. (Walmart), which he indicates is incorporated under the laws of Arkansas and has its principal place of business in Arkansas.  This matter is before the Court on initial review of the *pro se*, *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  For the reasons that follow, the action will be dismissed.

### I.

Plaintiff alleges that on September 19, 2013, he was physically injured at a Walmart Supercenter located at 1915 S. Hurstbourne Parkway in Louisville, Kentucky,[1] when "[t]he defendant left what appeared to be berries and or other spilled fruit like substances on the floor of its store aisle until the substances became trampled, rotten, and dangerously slippery."  He states, "This is a personal injury complaint in which the plaintiff (Todd Sanders) claims the defendant (Walmart Stores Inc.) has demonstrated actions which constitute a breach of legal and moral duty owed to the plaintiff."  He alleges that "constitutional rights and torts" have been violated and lists the following twenty headings in his complaint:  Negligence; Duty of Care; Nuisance; Neglect; Disregard to Strict Liability; Intentional Torts; Causes of Action; Stress;

---

[1] Elsewhere in his complaint, Plaintiff references a Walmart located at 700 W. Jefferson St., Louisville, KY 40202.  The Court takes judicial notice that the Jefferson County Judicial Center is located at that address, not a Walmart.

Emotional Damages; Disregard; Implied Major Misconduct; Physical Injuries; Personal Injury; Loss of Income; Medical Expenses; Pain and Suffering; Damages; Award of Damages; Punitive Damages; and Contempt.  Under most of the headings, Plaintiff references the date September 19, 2013, and essentially repeats that he was injured on that date because Walmart "failed to perform i[t]s legally required duty and left its store in an unsafe condition."

Under the headings Causes of Action, Implied Major Misconduct, and Contempt, however, Plaintiff lists four dates (September 19, 2013; August 20, 2013; August 5, 2014; and August 26, 2014).  Under "Causes of Action," he claims that Walmart "has obstinately denied and continued this case over three years while [he] continues to suffer" and that Walmart's "actions to create increased activation of mitigation, failure to perform is legally required duties, defamation of the plaintiff's character, and threats to countersuit for costs caused augmented negative effects and expenses to [him]."  Under "Implied Major Misconduct," Plaintiff asserts that "[a]fter one year of continuances and multiple court appearances, the defendant was able to exhaust the plaintiff's legal representation and motion to have the entire case thrown out then conveniently made up fictitious charges against the plaintiff that declared the plaintiff an outlaw of all its stores worldwide."  Under "Contempt," Plaintiff claims that Walmart "hired one of the most prestigious law firms in Louisville Kentucky to avoid its responsibilities/liabilities and to prevent the plaintiff from receiving any compensation or relief from the defendant's in-store accident claims while protecting the defendant's enormous wealth and assets."

Under the "Stress" heading, Plaintiff lists three dates (September 19, 2013; August 20, 2013; and February 25, 2015) and contends that Walmart's insurance company contacted him, "offered an insincere apology for the accident, and made a high-pressure low-ball settlement offer."  He claims that when he "did not accept the initial offer and acquired an attorney, the

defendant withdrew all offers, threatened to have the case thrown out of court, and charge to countersuit the plaintiff for attorney's fees and costs."

Finally, under the "Emotional Damages" heading, Plaintiff lists four dates (September 19, 2013; October 27, 2014; March 9, 2015; and March 23, 2015) and alleges that Walmart "inevitably denied all its responsibilities, liabilities, and it may have offered the plaintiff's vacating attorneys' benefits to abandon plaintiff's lawsuit. Without any experienced legal representation, this action gave the plaintiff an increased sense of insecurity which inevitably magnify the emotional effect of the defendant's defensive tactics."

As relief, Plaintiff seeks damages in the amount of "72,598,500.00 or reasonably less."

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Plaintiff alleges the violation of "constitutional rights and torts."  He fails, however, to identify any constitutional right which was purportedly violated, and the Court cannot discern one.  As to Plaintiff's reference to "torts," he mentions state-law torts of negligence, nuisance, strict liability, "Intentional Torts," and defamation.  Upon a liberal reading of the complaint, the Court finds that Plaintiff alleges no facts supporting claims of nuisance, strict liability, defamation, or any intentional tort.  *See Tackett*, 561 F.3d at 488 ("[T]he district court need not accept a 'bare assertion of legal conclusions.'") (quoting *Columbia Natural Res., Inc. v.*

4

*Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) ("[M]ore than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements."). Despite Plaintiff's failure to state the foregoing claims, the Court concludes that Plaintiff does allege facts supporting a negligence claim for a slip-and-fall incident occurring on September 19, 2013.

Under Kentucky law, the statute of limitations for a negligence claim is one year. Ky. Rev. Stat. Ann. § 413.140(1)(a) ("The following actions shall be commenced within one (1) year after the cause of action accrued:  (a) An action for an injury to the person of the plaintiff . . . ."); *Landel v. Kroger Co.*, No. 2013-CA-001637-MR, 2015 WL 226114, at *2 (Ky. Ct. App. Jan. 16, 2015) ("Kentucky courts have held that the one-year statute of limitations applies to slip and fall actions.") (citing *Everman v. Miller*, 597 S.W.2d 153 (Ky. App. 1979)). The one-year limitations period, therefore, expired on September 19, 2014. Because Plaintiff did not file the instant complaint until May 25, 2016, the negligence claim is time-barred and must be dismissed as frivolous.[2]  *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (indicating that claims barred by the statute of limitations are frivolous).

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date:  October 25, 2016

cc:    Plaintiff, *pro se*
       Defendant
4415.005

**David J. Hale, Judge**
**United States District Court**

_____

[2] Alternatively, based on several of Plaintiff's statements in his complaint, it appears that Plaintiff may have already brought a negligence action in state court against Walmart related to the September 19, 2013, incident.  If such is the case, then the instant action would be barred by res judicata.  *See Stemler v. Florence*, 350 F.3d 578, 586 (6th Cir. 2003) ("Under Kentucky law, '[c]laim preclusion bars a party from re-litigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action.  Issue preclusion bars the parties from relitigating any issue actually litigated and finally decided in an earlier action.'") (quoting *Yeoman v. Ky. Health Policy Bd.*, 983 S.W.2d 459, 465 (Ky. 1998)).